**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2305**

In re: PHILIP JAY FETNER,

                Debtor.

------------------------------------

PHILIP JAY FETNER,

                Debtor - Appellant,

        v.

HOTEL STREET CAPITAL, L.L.C.; ROSZEL & BANG-JENSEN, CO-EXECUTORS; UNITED STATES OF AMERICA; WILMINGTON SAVINGS FUND SOCIETY, c/o Shellpoint Mortgage Servicing,

                Creditors - Appellees,

        and

JOHN P. FITZGERALD, III,

                Trustee - Appellee,

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:19-cv-00780-CMH-MSN)

Submitted: August 20, 2020                Decided: August 24, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

---

Philip Jay Fetner, Appellant Pro Se. Beth Ann Levene, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Hugh Michael Bernstein, OFFICE OF THE UNITED STATES TRUSTEE, Baltimore, Maryland; William Davis Ashwell, MARK B. WILLIAMS & ASSOCIATES, PLC, Warrenton, Virginia; Andrew Justin Narod, BRADLEY ARANT BOULT CUMMINGS, LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Jay Fetner seeks to appeal the district court's orders dismissing his bankruptcy appeal for lack of jurisdiction and denying reconsideration. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Fetner seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Under 28 U.S.C. § 158(d)(1), we have jurisdiction over a bankruptcy appeal when both the bankruptcy court and the district court enter final orders. Here, the bankruptcy court's order was interlocutory, *see In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995), as well as the district court's order. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) ("[T]here is no jurisdictional provision authorizing a court of appeals to hear an appeal from a district court's decision regarding a bankruptcy court's interlocutory order, whether it denies leave to appeal or renders a decision on the merits."). Accordingly, we dismiss the appeal for lack of jurisdiction.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We note that even if we had jurisdiction over this appeal, it would be moot because the bankruptcy proceeding was converted to a Chapter 7 liquidation case, and parties do not file disclosure statements in Chapter 7 proceedings. *See In re Stadium Mgmt. Corp.*, 895 F.2d 845, 847 (1st Cir. 1990) (absent a stay of bankruptcy court transaction or proceeding, appellate court must dismiss an appeal as moot where there is no remedy to fashion).